UNITED STATE S COURT OF APPEA
FOR FIRST CIRCUIT
No.25-1221

RECEIVED FOR FILING
IN CLERK'S OFFICE

2025 MAY 19  A 11: 53

US COURT OF APPEALS
FOR THE FIRST CIRCUIT

CHARLES SIMON,
Appellant,

UNITED STATES OFAMERICA,
U.S. DEPARTMENT OF JUSTICE,
Appellees.

-----------------------------------------

**Judicial Notice of Informal Interlocutory Appeal 28 U.S.C. sec. 1292(a) brief**, Pro Se Appellant is making more definite statement in compliance with April 23, 2025 briefing schedule, form indicates Pro Se must file appeal brief by June 2, 2025 and serve opposing Counsel; Appellant Appeal from U.S. District Court, Boston MA. Docket No. 24-12901-Before Hon. M. J. JOUN, United States District Court Judge; Charles Simon, Appellant, 3410 DeReimer Ave. Apt.# 7-I, Bronx, New York 10475, Phone No.917- 318- 4771, Email address- litigatorcharles@gmail.com. District Court did not serve U.S. Dept. of Justice Attorneys Summon, Complaint, Preliminary Injunction; waived. See Stingleton v. Wulff. 428 U.S. 106 ,120 (1976);

Because Appellant is proceeding Pro Se in an Extraordinary case, Appellant respectfully ask the Appeals

Court to hold Pro Se pleadings to less stringent standard than formal pleadings drafted by lawyers.

Haines v. Kerner, 404 U.S. 519, (1972); This request is being made where Pro Se Appellant has filed

several Appeal Briefs including Motion to expedite Appeal, all of which appear to have been ignored;

Because Pro Se claims of unconstitutional outrageous conduct imposed by U.S. Dept. of Justice, Pro Se

understands the reason undue delay has attended in the judicial proceedings, nonetheless, the adverse

action chills First Amendment speech rights to appellate review; Lewis v. Casey, 518 U.S.343 (1996); As

such, the judicial proceeding mirror deep-seated favoritism 28 U.S.C. sec. 455(a) toward Pro Se

litigation, Aetna Life Ins. Co., v. Lavoia, 475 U.S. 813(1986); Thus, the record mirror the judicial

procedure tantamount to a farce and mockery of justice system. Romero v. United States, 459 U.S.926

(1982).

In support of the factual assertions explicated herein; Judicial Notice the factual record will reveal the District Court adopted verbatim the unconstitutional sham judicial procedure in U.S. Court of Appeals for Second Circuit Order 23-1216, Charles Simon, Plaintiff-Appellant, v. Federal Prison Industries Inc., Steve Schwalb, Chief Operating Officer Of Federal Prison Industries,.

## QUESTIONS PRESENTED

1.Whether the District Court's Order denied Motion For Relief under Fed.R.Civ.Pro. 60(b)(4), evidence the Court's Order entered 12/6/2024; Doc.No. [18]. Rest on a void Judgement under Fed.R.Civ.Pro. 60(b)(4),

2. Whether the judgment is void because The lower court's procedural departure from making finding of fact and conclusion of law in the denial of Preliminary Injunction F.R.C.P. 65, demanded by U.S. Supreme Court in Simpson v. Murray, 315 U.S. 61 (1972),

3. Whether the district court deliberately ignored the exhibits of factual record will show the Lower Court's rulings was not genuine but a mere pretext for the sole purpose to adopt verbatim the fictitious judicial proceeding made in U.S. Court of Appeals 2nd Circuit in Charles Simon v Federal Prison Industries, Chief Operating Officer of Federal Prison Industries; Docket No.23-1216; The unconstitutional insidious scheme to obstruct justice perpetuated by U.S. Dept. of Justice, And in effect, the lower court adopted the insidious scheme to obstruct justice by adopting Simon v Fed. Prison Indus., 159 F3d 637 (D.C. Circuit 1998) and Chief Operating Officer's fraud policy under 28 CFR Part 301 as controlling law; Thus, the District Court ignored the rulings that show an obvious conflict with the decisions in U.S. v. Demko, 385 U.S. 149(1966), and Grande v United States, 350 F2d. Cir.(1966); Hence, the District Court impermissibly nullified the Congressional Act under Section 4126 of 18 U. S. C. attending 28 C.F.R. sec.301.314et seq, pursuant the Inmate Accident Compensation Procedure enacted by Congress, and the lower court adversely nullified the Administrative Procedure Act 5 U.S.C. Sec.701; During the course of judicial proceeding the lower court display deep-seated favoritism 28 U.S.C. sec.455(a) made fair judgment impossible by repeatedly ignoring germane exhibits of documented evidence of material fact that paint a detail picture of outrageous unconstitutional conduct of obstruction of justice imposed by U.S. Government Officials systematic in staffing.

4. Whether the judicial proceeding mirror deep seated bias 28 U.S.C. 455(a) require disqualification.

5.Whether summary judgment Fed.R.Civ.Pro. 56, should issue and Preliminary Injunction enjoin disparate treatment, where District Court procedural departure ignored record of the entire judicial proceeding that is under the precincts patrolled by Title VII of Civil Rights Act of 1964, 42 U.S.C.sec.2000e; Administrative Procedure Act 5 U.S.C.Sec701 et seq; Fed.R.Civ.Pro 65; Fed.R.Civ.Pro. 56; **And** whether the Appeals Court should Grant **$150million** settlement reduced from $250 million. pursuant interest of justice and judicial economy of avoiding trial, As the prevailing party Pro Se litigant is entitled to three decades of compensatory damages of lost time wags, Social Security benefit entitlement, expenses of court cost, printing papers, ink, interest on lost money that could have been saved; emotional stress damages and any other relief the court may deem proper and just;

## TABLE OF AUTJORITIES

**CONSTITUTIONAL PROVISIONS**

**U.S. Const. Amend.**

U.S. Const. Amend. I
U.S. Const. Amend. V
U.S. Const. Amend. VIII

## STATUES

28 U.S.C. sec. 1292(a)

5 U.S.C. sec.701 et seq

28 U.S.C. 455(a)

18 U.S.C. 4126

28 U.S.C. sec. 701 et seq

Title VII of Civil Rights Act. Of 1964, 42 U.S.C sec.2000e

28 U.S.C. sec.1651

## JUDICIAL RULES

Fed.R.Civ.Pro.56

Fed. R. Civ. Pro. 65

Fed. R. App. Pro. 40

## REGULATIONS

28C.F.R. 301.314 et seq

28 C.F.R. Part 301

## TABLE OF CASES AUTHORITIES

*Aetna Life Ins. Co.*, v. Lavoia, 475 U.S. 813 (1986)

Romero v. United States, 459 U.S.926 (1982)

Haines v. Kerner, 404 U.S. 519, (1972)

Lewis v. Casey, 518 U.S.343 (1996)

Bivens v Six Unknown Fed. Agents, 403 U.S.388(1971),

U.S. v. Demko 385 U.S. 149 (1966)

3

Grande v. United States 350 (F.2nd Cir.1966)

Briggs v. Duke Power Co., 410 U.S.413 (1971)

Simpson v. Murray 415 U.S. 61 (1970)

Stingleton v. Wulff, 428 U.S. 106 (1976)

New York v. United States, 505 US 144 (1992)

Printz v. United States, 521 US 898 (1997);

New York Times Co. v. United States, (1971)

## Appendix

The lower Court's Order, and Exhibit from Congressman, Exhibit of U.S. Dept. of Justice, obstruct justice by illegally falsified records.

## Jurisdictional Statement

As preliminary matter, Appellant depend on the jurisdictional nexus pursuant interlocutory Appeal 28

U.S.C.sec 1292, and the Constitutional claims depend on the jurisdictional nexus pursuant the

Administrative Procedure Act 5 U.S,C. sec.701 et seq, APA indicates the validity of preliminary

jurisdictional finding. In addition Bivens v Six Unknown Fed. Agents, 403 U.S.388(1971), is jurisdictional

where the judicial proceeding mirror deep-seated bias toward Pro Se Plaintiff; Thus the Exhibits show

the judicial proceeding mirror obstruction of Justice First Amendment deprivation, coupled with deep-

seated bias 28 U.S.C .Section 455(a), Aetna Life Ins. Co.v,Lavoie, 475 U.S. 813 (1986); toward Pro Se

litigation in violation of statutory and Constitutional right under 18 U.S.C. Sec. 4126 attending 28 C.F.R.

sec.301.314 et seq, enacted by Congress; See exhibit from Congressman, Notice the exhibits of

documented record deprived Complainant of Constitutional rights, access to the court and the legal

process to remedy for Civil wrong under U.S. Const. Amend. I, V, VIII, Equal Protection Clause Judicial

Notice Page 3 Paragraph 4. Of the Verified Complaint incorporated with memorandum of law show

Federal Government Case Manager obstruct justice preclude Pro Se Appellant from exercise of First

4

Amendment Rights to Appeal pursuant rehearing En Banc Fed.R.App.Pro. 40, chilling First Amendment

Rights of mandatory judicial procedure; The outrageous unconstitutional conduct by Government

official perpetuated by the United States Attorneys; As such, The documented evidence of fact

ultimately prove UNITED STATES OF AMERICA named as a Government Defendant in this Case will not

enjoy sovereignty immunity; See New York v. United States, 505 US 144 (1992); Printz v. United States,

521 US 898 (1997); New York Times Co. v. United States, (1971). [Do No 7]

## PRELIMINARY FACTUAL STATEMENT

Prior to being arrested by federal agents, Appellant was under doctor's care by virtue of suffering back injury by falling fifteen feet cleaning sign in Atlantic City N.J; Upon arrest and convicted Appellant was transferred to Springfield medical center hospital for Federal Prisoners; Later Appellant was transferred to Federal Correctional facility in Oxford Wisconsin; while in Correctional facility Appellant worked in hazardous kitchen with make-shift garbage disposal where Appellant slipped fell and reinjured back;

Thus, to be sure Pro Se litigant is no stranger to Federal Procedure; For three decades Pro Se Petitioner attended through litigation the prestigious school in Federal Court adversarial hard knocks; Thus Dept Of Justice condemned the 84 year old disabled to suffer grievous loss for three decades of uncompensated medical treatment, had two back surgery through Welfare work program. denied

lost time wages under 18 U.S.C. sec. 4126 attending 28 C.F.R sec. 301.317 et al, Inmate Accident Compensation Procedure enacted by Congress, deprived Pro Se Complainant of Constitutional rights, of access to the court and the legal process to remedy for Civil wrong under U.S. Const. Amend. I, V, VIII; Notice where Civil Action began in U.S. Courthouse, Boston Ma. Charles Simon v Department Of Justice, Etal, Docket No.1994-11212 before Honorable M.L. Wolf;

Judicial Notice the reason the U.S. Government's Attorney could not advance the claim for collateral estoppel, simply because the U.S. Dept. Of Justice refuse to undertake a judicial review under APA; The DOJ Attorney unconstitutional procedural departure fail thus refused to recognize judicial review of the merits of the Chief Operating Officer of Federal Prison Industries Inc, fraud discriminatory policy, judicial review of the merits of the COO's decision under 28 C.F.R.Part 301 is restricted to the "arbitrary and capricious" standard prescribed by the Administrative Procedure Act. Citation omitted. The problem with U.S. Department of Justice Attorney's Office is: Instead of protecting the United States Constitution vowing the demise of discrimination, rather, the U.S. Department of Justice Attorney views all unconstitutional proceeding as adversarial especially Pro Se litigation. Such are the facts in the present case. That is the central reason this case, judicial proceeding suffer from a procedural virus.

### Jurisdictional Statement

As preliminary matter, Appellant depend on the jurisdictional nexus pursuant interlocutory Appeal 28

5

U.S.C.sec 1292, and the Constitutional claims depend on the jurisdictional nexus pursuant the

Administrative Procedure Act 5 U.S,C. sec.701 et seq, APA indicates the validity of preliminary

jurisdictional finding. In addition Bivens v Six Unknown Fed. Agents, 403 U.S.388(1971), is jurisdictional

where the judicial proceeding mirror deep-seated bias toward Pro Se Plaintiff; Thus the Exhibits show

the judicial proceeding mirror obstruction of Justice First Amendment deprivation, coupled with deep-

seated bias 28 U.S.C .Section 455(a), Aetna Life Ins. Co.v,Lavoie, 475 U.S. 813 (1986); toward Pro Se

litigation in violation of clear statutory and Constitutional right under 18 U.S.C. Sec. 4126 attending 28

C.F.R. sec.301.314 et seq, enacted by Congress; See exhibit from Congressman, Notice the exhibits of

documented record deprived Complainant of Constitutional rights, access to the court and the legal

process to remedy for Civil wrong under U.S. Const. Amend. I, V, VIII, Equal Protection Clause Judicial

Notice Page 3 Paragraph 4. Of the Verified Complaint incorporated with memorandum of law show

Federal Government Case Manager obstruct justice preclude Pro Se Appellant from exercise of First

Amendment Rights to Appeal pursuant rehearing En Banc Fed.R.App.Pro. 40, chilling First Amendment

Rights of mandatory judicial procedure; The outrageous unconstitutional conduct by Government

official perpetuated by the United States Attorneys; As such, The documented evidence of fact

ultimately prove UNITED STATES OF AMERICA named as a Government Defendant in this Case will not

enjoy sovereignty immunity; See New York v. United States, 505 US 144 (1992); Printz v. United States,

521 US 898 (1997); New York Times Co. v. United States, (1971). [Do No 7].


## Facts of Procedure Background

Congressional enacted Section 4126 of 18,United States Code, authorized Federal Prison Industries

Funds the authority to issue rules and regulations under 28 C.F.R. section301.101 through 301.319

promulgated by the Attorney General; FPI Inc., manufacture anywhere from tank cables to executive

6

furniture; Federal Prison Industries incorporated, employ the Prison industries fund in paying compensation to inmate or their dependents for injuries suffered in any work activity in connection with the maintenance or operation of the institution where confined. These regulations govern unless arbitrary or capricious. (Citation omitted); Furthermore, Pro Se litigation, that judicial review of the merits of the Chief Operating Officer of Federal Prison Industries Inc; The DOJ Attorneys unconstitutional procedural departure refuse to recognize the COO Section301.313 decision under is restricted to the "arbitrary and capricious" standard prescribed by the Administrative Procedure Act 5 U.S,C. sec.701 et seq; Moreover, The U.S. Appeals Courts' Circuits also find the Administrative Procedure Act to be jurisdictional, indicates the validity of preliminary jurisdictional finding. See the Tenth Circuit's decision **in** Bird **v.** Seaman, 507 F.2d 268 (10th Cir. 1974), Ryan v. shea, 525 F.2d 268 ( (10th Cir. 1975), Thompson v. United States, Federal Prison Industries , 492 F.2d 1082 (5th Cir. 1974), Durham v. Federal Prison Industries, 492 F.2d 1082 (5th Cir.1974).

The District Court overlooked the facts. First, STEVE SCHWALB, Chief Operating Officer of Federal Prison Industries Inc, was not an attorney, thus graduated from John Jay College of Criminal Justice; This fact is supported by the fact the Chief Operating Officer's fictitious interpretation of The Inmate Accident Compensation legislation is wholly distorted rather than statement of facts; Hence show the Chief Operating Officer of Federal Prison Industries fraud discriminatory policy under 28 C.F.R. Part 301, show repeated violation of several statutory rights, includes violation of United States Constitutional Rights under the First, Fifth and Eighth Amendment. The COO's fraud Policy Under 28 C.F.R. Part 301, applies different terms and conditions imposing substandard compensation and effectively freezes the entire Inmate Accident Compensation Procedure enacted by Congress, under 18 U.S.C. sec. 4128 attending 28 C.F.R. sec. 301.314 et seq., into discriminatory patterns that exist before the Act. The asserted facts of the wholly distorted ambiguous policy under 28 C.F.R 301 explicated by the Chief

7

Operating Office's own words states: **"Your claim is subject to the provision of 28 C.F.R. 301governing Inmate Employees' of Federal Prison Industries."**

The unconstitutional policy under 28 C.F.R. Part 301 practice conflict with the holding of U.S. v Demko, 385 the COO's policy under 28 C.F.R. Part 301is repugnant to the conscience of mankind, Estelle v. Gamble,429 U.S. 97, 104(1976); The District Court's overlooked chilling U.S. Const. Amend. I, V, VIII, rights being violated; Thus the ruling manifestly unfair condemned the 84 year old disabled Black man to suffer grievous loss for three decades of uncompensated entitlements under the Inmate Accident Compensation18 U.S.C. sec. 4126 attending 28 C.F.R. sec. 301.314; et al; However, In spite of three decades of Government's unconstitutional evil, to condemn and force disable Pro Se Petitioner in a life of crime, Instead Pro Se maintained integrity through its Lord and Savor Jesus Christ; Citation omitted; Central to this factual conclusion, the District Court Orders overlooked the facts of this case **IS A MATTER OF RIGHT,** pursuant violation of the Equal Protection Clause, deprivation of access to the court and the legal process to remedy civil property interest wrong; Board of Regents of State Colleges v. Roth, 408 U.S. U.S. 564, 578, (1974);

## The District Court's Denial Order in C. Simon v. United States of America, Et Al is Identical To The U.S. Court of Appeals 2nd Cir. Denial Order In Charles Simon v. Federal Prison Industries Inc., Et al,

The U.S. District Court Denial Order adopt verbatim the ruling in C. Simon v. Federal Prison Industries Inc., Et al, adopting the two Page ex parte Order of the U.S.Court Appeals 2nd Circuit ruling; First both Courts Ignored the entire factual **record** that the Appellees' DOJ Attorney frivolous request dated 9/28/2023 for extension of time to file Appellees' brief 91 days from the date Appellant file Pro Se Appeal brief; See Attached Exhibit; The Three Judge Panel incorrectly alleged the Government has Filed No such motion; Judicial Notice the exhibit prove the contrary to the Three Judge Panel's patently false assertion; Every Motion well documented, filed by the Appellees' Department of Justice Attorney was addressed to the Clerk of Appeals Court seeking favor; the Appellees' DOJ Attorney constitutional defective request for extension of time to file Appellees' brief 91 days from the date Appellant file the Appeal brief, The DOJ Attorney erection of elaborate procedural devices to hinder the resolution of this Administrative Civil Right Title VII of Civil Right Act of 1964, 42 U.S.C.Section 2000e litigation. Moreover, to preclude expedited appeal holding appellant's Appeal Brief 9/28/2023 in abeyance merely to afford unnecessary favor Section 455(a), to Appellees' DOJ Attorney to submit frivolous request dated 9/28/2023 for extension of time to file Appellees' brief 91 days from the date Appellant file Appeal brief;

8

Appellant's Motion to preclude Appellee's DOJ Attorney from any extension of time to file Appellee'Appeal Brief was deemed defective without reason by Case Manager(DE-31); Appellant's Motion to any preclude any extension is grounded in sound constitutional reasoning ; The first procedural reason to preclude Appellees Dept. of Justice Attorney extension rest on the scope of appellate review is defined by the record below; the general rule is that this Court should not consider an issue on appeal that was not raised below. The scope of appellate review is limited to issues raised below. Stingleton v. Wulff. 428 U.S. 106 ,120 (1976); Furthermore, the DOJ Attorney seeking ninety day extension is patently frivolous, simply because DOJ Counsel did Not give any reason for seeking extension, the moving paper clearly erroneous, hence devoid of any factual or legal basis pursuant sound constitutional reasoning for extension of time pursuant extraordinary circumstances, for EXTENTON OF TIME, Rather, the DOJ Attorney request seeks favor from the Appellate Court Judges through the Clerk of Court. The request for extension was too little to late pursuant the procedural bar; The procedural bar is premised on the fact the DOJ Attorney failure to file any responsive pleading to the Jury demand Verified Complaint incorporated with memorandum of law, accompanied by the affidavit Preliminary Injunction Fed.R.Civ.Pro.65; , More specifically, the letter appended to the Appeal Brief reveal Joseph A. Pantoja, Assistant United States Attorney, concede the case. Judicial Notice The DOJ Attorney admit the well pleaded facts of the complaint but deny the legal sufficiency of Appellant's Constitutional claim; by failing to undertake a judicial review under APA; The DOJ Attorney unconstitutional procedural departure fail to recognize judicial that judicial review of the merits of the Chief Operating Officer of Federal Prison Industries Inc, administrative decision, judicial review of the merits under 28 C.F.R.Part 301 is restricted to the "arbitrary and capricious" standard prescribed by the Administrative Procedure Act. **At the bottom line** The DOJ Attorneys unconstitutional conduct perpetuated pre act of discrimination pursuant the, Chief Operating Officer of Federal Prison Industries Inc, discriminatory fraud policy under 28 C.F.R Part 301, and in effect,The D.O.J. Attorney adopt the unconstitutional insidious scheme to obstruct justice by adopting Simon v Fed. Prison Indus., 159 F3d 637 (D.C. Circuit 1998)as controlling law; Thus ignoring the rulings that show an obvious conflict with decisions in U.S. v. Demko, 385 U.S. 149(1966), and Grande v United States, 350 F2d. Cir.(1966); Hence, Dept of Justice Attorney impermissible nullified the Congressional Act under Section 4126 of 18,United States Code, 28 C.F.R. sec.301.101 through 301.319(IACP) and adversely nullify the Administrative Procedure Act;

Appellant turn to exactness pursuant the District Court's Denial Order in C. Simon v. United States of

America, Et Al is Identical to the ruling in U.S. Court of Appeals 2nd Cir. Denial Order In Charles Simon v.

Federal Prison Industries Inc., Et al,; Notice where both Courts rulings ignore the administrative factual

exhibits that give rise to the unconstitutional conduct of obstruction of justice; The only factual violation

in contrast to the U.S. District Court's Denial Order in C. Simon v. United States of America, Et Al i is

where the U.S. Court of Appeals 2nd Cir. Denial Order In Charles Simon v. Federal Prison Industries Inc.,

Et al, ruling is where U.S. Dept. Of Justice Attorney employees Hon. Richard C. Wrdley the retired U.S.

9

Circuit Judge to Join in making adverse ruling; Thus the adverse judgment pursuant U.S.Const 1ˢᵗ Ament. prohibition, explains the reason Pro Se Appellant was precluded rehearing En banc F.R.A.P 40 pursuant First Amendment deprivation of due process procedure; The two U.S. Federal Courts uniformity show Upon retracing the factual record will reveal the Lower Court's rulings was not genuine but a mere pretext for the sole purpose to adopt verbatim the judicial unconstitutional sham judicial procedure in U.S. Court of Appeals for Second Circuit Order 23-1216, Charles Simon, Plaintiff-Appellant, v. Federal Prison Industries Inc., Steve Schwalb, Chief Operating Officer Of Federal Prison Industries,. The obvious plot of the unconstitutional insidious scheme to obstruct justice perpetuated by U.S. Dept. of Justice in C. Simon v Federal Prison Industries, Et Al, No.23-1348; And in effect, the lower court adopted the insidious scheme to obstruct justice by adopting Simon v Fed. Prison Indus., 159 F3d 637 (D.C. Circuit1998) and Chief Operating Officer's fraud policy under 28 CFR Part 301 as controlling law; Thus, the District Court ignored the rulings that show an obvious conflict with the decisions in U.S. v. Demko, 385 U.S. 149(1966), and Grande v United States, 350 F2d. Cir.(1966); Hence, the District Court impermissibly nullified the Congressional Act under Section 4126 of 18,U. S. C. attending 28 C.F.R. sec.301.314et seq, pursuant the Inmate Accident Compensation Procedure enacted by Congress, and the lower court adversely nullified the Administrative Procedure Act 5 U.S.C. Sec.701;

**Therefore in Conclusion**, These violation expressly cited in the Verified Complaint, memorandum accompanied with exhibits evidence record of outrageous conduct of Government employees, ultimately prove there is no dispute to any material fact and plaintiff is entitled to summary judgment as a matter of law Fed.R.Civ.Pro. 56, Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986). The Supreme Court ruled in Monell et al, v Department of Social Services of the City of New York et al, 463U.S.658 (1978), municipal were persons who could be sued for bad-faith action of its officials. Therefore, Issue Preliminary Injunction enjoin disparate treatment, Fed.R.Civ.Pro. 65 pursuant Title VII of Civil Rights Act of 1964, 42 U.S.C.sec.2000e violation; McDonnell Douglas v. Green, 411 U.S. 792 (1973); where District Court denied Preliminary Injunction upon the procedural departure to issue finding of fact and conclusion law mandated by Sampson v Murray, 415 U.S. 61 (1970), the Preliminary Injunction should issue consistent with summary judgment should issue Fed.R.Civ.Pro. 56; the lower ignored record of the entire judicial proceeding that is under the precincts patrolled by Administrative Procedure Act 5 U.S.C.Sec701 et seq; **And** the Appeals Court should Grant **$150million** settlement reduced from $250 million upon interest of justice and judicial economy of avoiding trial, As the prevailing party Pro Se

10

litigant is entitled to three decades of compensatory damages of lost time wages, Social Security entitlement benefit, expenses of court cost, printing papers, ink, interest on lost money that could have been saved; emotional stress damages and any other relief the court may deem proper and just;

Respectfully submitted;      Charles Sinon, Pro Se Appellant

Dated 19, 2025

App. Comp.

 Outlook

## Activity in Case 1:24-cv-12901-MJJ Simon v. United States of America et al USCA Case Number

**From** ECFnotice@mad.uscourts.gov <ECFnotice@mad.uscourts.gov>
**Date** Wed 3/5/2025 10:32 AM
**To** CourtCopy@mad.uscourts.gov <CourtCopy@mad.uscourts.gov>

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript,
the free copy and 30 page limit do not apply.**

### United States District Court

### District of Massachusetts

### Notice of Electronic Filing

The following transaction was entered on 3/5/2025 at 10:31 AM EST and filed on 3/5/2025
**Case Name:**      Simon v. United States of America et al
**Case Number:**      1:24-cv-12901-MJJ
**Filer:**
**WARNING: CASE CLOSED on 12/06/2024**
**Document Number:** 23(No document attached)

**Docket Text:**
**USCA Case Number 25-1221 for [21] Notice of Appeal, filed by Charles Simon. (MAP)**

### 1:24-cv-12901-MJJ Notice has been electronically mailed to:

Charles Simon     litigatorcharles@gmail.com

### 1:24-cv-12901-MJJ Notice will not be electronically mailed to:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
CHARLES SIMON,                              )
                                            )
         Plaintiff,                         )
                                            )
    v.                                      )          Civil Action No. 24-12901-MJJ
                                            )
UNITED STATES OF AMERICA, et al.,           )
                                            )
         Defendants.                        )
                                            )

## MEMORANDUM AND ORDER

JOUN, D.J.

On November 21, 2024, plaintiff Charles Simon, a resident of New York, initiated this

action by filing a self-prepared complaint naming as defendants the United States and the United

States Department of Justice. [Doc. No. 1]. Simon's complaint consists primarily of a

recounting of his unsuccessful efforts to challenge the calculation of compensation awarded

pursuant to the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, for a back

injury he suffered while incarcerated as well as a description of allegedly discriminatory

treatment by judges and opposing counsel during proceedings before the United States Court of

Appeals for the Second Circuit. *Id.* In addition to monetary damages, Simon contends that

"there is no dispute to any material fact and plaintiff is entitled to summary judgment as a matter

of law." [*Id.* at 5].

With his complaint, Simon filed an Application to Proceed in District Court without

Prepaying Fees or Costs ("Application") (often referred to as a motion for leave to proceed *in*

*forma pauperis*). [Doc. No. 2]. On December 4, 2024, Simon filed a motion to expedite [Doc.

No. 4], a motion for preliminary injunction [Doc. No. 5] with supporting affidavit [Doc. No. 6],

and a motion to supplement the record. [Doc. No. 7]. As best can be gleaned from the motion

for injunctive relief, Simon contends that the appellate judges demonstrated "deep-seated bias

[concerning Simon's *pro se* status] and he seeks to have this Court enjoin their alleged

"discriminatory practices upon the enforcement of Title VII of the Civil Rights Act of 1964."

[Doc. No. 5 at 4].

The Court's records indicate that, on numerous occasions, Simon brought suit against the

named defendants seeking to relitigate his underlying IACA claim. *Simon v U.S. Dep't of

Justice, et al.*, No. 18-cv-11431-ADB, 2018 WL 6045254, at *2 (D. Mass. Nov. 19, 2018)

(collecting cases).

Upon a review of Simon's filings, it is hereby ORDERED:

1.      The motion to proceed *in forma pauperis* [Doc. No. 2] is ALLOWED.

2.      The motion to expedite [Doc. No. 4] is DENIED.

3.      The motion to supplement the record [Doc. No. 7] is DENIED.

4.      This action is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii), because the

complaint fails to state a claim upon which relief may be granted. Section 1915 authorizes

federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious,

fail to state a claim on which relief may be granted, or seek monetary relief against a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting its review, the

Court must liberally construe the pleadings because Simon is proceeding *pro se*. *See Haines v.

Kerner*, 404 U.S. 519, 520-21 (1972).

Simon asserts claims against the defendants under *Bivens v. Six Unknown Agents of the

Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but his complaint does not state a plausible

*Bivens* claim. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803–04 (2022) (expanding *Bivens* to a new

2

context is now a "disfavored judicial activity": the Supreme Court has concluded that federal courts should not expand *Bivens* actions to reach "new contexts" unless "special factors" counsel otherwise).

To the extent Simons seeks to assert a claim under Title VII, his prior actions involved final judgments on the merits. Any claims that Simon may be seeking to raise in the instant complaint are barred by the doctrine of *res judicata* or claim preclusion. The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (citing *Bezanson v. Bayside Enterps., Inc., In re Medomak*, 922 F.2d 895, 904 (1st Cir.1990)). Here, the elements of claim preclusion are satisfied.

To the extent Simon seeks to have the undersigned judge act as an appellate judge by reviewing the rulings made by the Second Circuit, this Court is not a venue to appeal rulings of the Second Circuit. This Court is unable to directly review the decisions of another federal court on appeal. *See* 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). Thus, this Court cannot provide relief from rulings entered by the Second Circuit Court of Appeals.

Even with a generous reading of the complaint, it fails to state a claim. In light of the nature of the claims asserted, the Court finds that amendment would be futile. *Garayalde-Rijos v. Mun. of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is

3

appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

5.      The motion for preliminary injunction [Doc. No. 5] is DENIED. Motions for preliminary injunction can only be granted where a party is able to demonstrate likelihood of success on the merits, along with three other factors. *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020). Here, the complaint is subject to dismissal and Simon has not demonstrated a likelihood of success on the merits, which is a primary requirement for injunctive relief.

6.      Simon is WARNED that should he attempt to relitigate his IACA claims against the defendants, he may be sanctioned, including but not limited to monetary sanctions and enjoinment from filing actions in this district without leave of court.

7.      Based upon Simon's litigation history, the Court CERTIFIES that any appeal of this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action ... may proceed on appeal *in forma pauperis* without further authorization, unless ... the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith ... and states in writing its reasons for the certification ....").

8.      The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: December 6, 2024

4

# United States District Court

## District of Massachusetts

### Notice of Electronic Filing

The following transaction was entered on 2/12/2025 at 2:06 PM EST and filed on 2/12/2025
**Case Name:**       Simon v. United States of America et al
**Case Number:**     1:24-cv-12901-MJJ
**Filer:**
**WARNING: CASE CLOSED on 12/06/2024**
**Document Number:** 19(No document attached)

**Docket Text:**
**Judge Myong J. Joun: ELECTRONIC ORDER entered**

**The "Motion to Rescind/Withdraw Fed.R.Civ.Pro. 60(b)(4) Motion," Doc. No. [16], is ALLOWED, thus Doc. No. [11] is terminated.**

**The "Motion for Nun Pro Tunc Interlocutory Appeal to Consolidate With Mandamus No. 25-1037," Doc. No. [17], appears to be a notice rather than a motion requiring any action by the Court, thus the motion is terminated.**

**After consideration, the "Motion for Relief Under Fed. R. Civ. Pro. 60(b)(4) From The Fictitious Order Entered 12/6/2024," Doc. No. [18], is DENIED.**

**(SP)**

App. Exhibits



*86 Chambers Street*
*New York, New York 10007*

September 28, 2023

By Electronic Case Filing

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Simon v. Federal Prison Industries Inc.*, Docket No. 23-1216

Dear Ms. Wolfe:

      Pursuant to this Court's Local Rule 31.2(a), defendant-appellee respectfully requests a deadline of December 26, 2023, for the filing of defendant-appellee's brief in the above-named appeal. This date is 91 days from the date appellant's brief was filed.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

      By:    /s/ Joseph A. Pantoja
            Assistant United States Attorney
            Telephone: (212) 637-2785
            Email: joseph.pantoja@usdoj.gov

cc:    Charles Simon, *pro se* (by ECF and mail)

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-three.

Before:     Joseph F. Bianco,
            *Circuit Judge.*

---

Charles Simon,                          **ORDER**

              *Plaintiff - Appellant,*     Docket No. 23-1216

v.

Federal Prison Industries Inc., Steve Schwalb,
Chief Operating Officer of Federal Prison
Industries,

              *Defendants - Appellees.*

---

Appellant moves for an expedited appeal. Appellees oppose the motion.

IT IS HEREBY ORDERED that the motion is DENIED.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

Catherine O'Hagan Wolfe

RANKING MEMBER
COMMITTEE ON
FOREIGN AFFAIRS

COMMITTEE ON
ENERGY AND COMMERCE

HEALTH SUBCOMMITTEE
ENERGY AND POWER SUBCOMMITTEE

ASSISTANT DEMOCRATIC WHIP

WEBSITE: http://engel.house.gov

FACEBOOK
http://www.facebook.com/RepEliotEngel

TWITTER: @RepEliotEngel



# Congress of the United States
## - House of Representatives
### Eliot L. Engel
16th District, New York

2161 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-3216
(202) 225-2464

DISTRICT OFFICES:

3655 JOHNSON AVENUE
BRONX, NY 10463
(718) 796-9700

6 GRAMATAN AVENUE
SUITE 205
MOUNT VERNON, NY 10550
(914) 699-4100

177 DREISER LOOP
ROOM 3
BRONX, NY 10475
(718) 320-2314

September 13, 2013

Honorable Eric Holder
United States Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: Charles Simon, Whistle Blower/ Protected Class VS. Eric Holder, Attorney General, etal, 12-CV-05416 (ENV)

Dear Attorney General Holder,

I am writing on behalf of my constituent, Mr. Charles Simon, who resides at 3410 DeReimer Avenue, Apartment 7-I, Bronx, New York 10475.

Mr. Simon is a former Federal inmate who has been receiving compensation pursuant to the Bureau of Prison's Inmate Accident Compensation (IAC) program, as the result of a slip and fall while incarcerated in the Federal Correctional Institution in Oxford Wisconsin in 1987.

Currently, Mr. Simon receives a monthly payment of approximately $125 pursuant to the aforementioned injury. However, according to 5 U.S.C. 8107(c) and 28 C.F.R. Part 301.314, a claimant shall be compensated at 66⅔ of the federal minimum wage. As $125 per month is well below this stated amount, I am seeking clarification in regards to the calculation of compensation under the IAC program. I would request a written response in regards to this matter.

I also request further clarification regarding medical treatment under the Fair Labor Standards Act, part 301.315 and 301.317. The District of Columbia Appeals Court ruled that compensation recipients are not entitled to medical treatment after release. In the case of Mr. Simon, the injuries he received while incarcerated required further medical attention, but his release from prison precluded this.

Any information that you can would be greatly appreciated. Should you have any questions regarding this matter, please contact my Senior Legislative Assistant, Travis Osen-Foss, at 202-225-2464.

Sincerely

Eliot L. Engel

Eliot L. Engel
Member of Congress

CC: Peter J. Kadzik, Principal Deputy Assistant Attorney General

Retail



**U.S. POSTAGE PAID**
PME
BRONX, NY 10475
MAY 17, 2025

02210

**$31.40**

S2324K502052-81

PRESS FIRMLY TO

RDC 07

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.



---

**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL EXPRESS®**

ER 186 116 672 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE ( )

Charles Simon
3410 De Reimer Ave
Bronx, N.Y. 10475
(apt 7-I)

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )

U.S. Court of Appeals (Suite 2500)
1 Court house Way
Boston, MA.

ZIP + 4® (U.S. ADDRESSES ONLY)

0 2 2 1 0 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER

LABEL 11-B, NOVEMBER 2023 PSN 7690-02-000-9996

---

**PAYMENT BY ACCOUNT** (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day ☑ 2-Day ☐ Military ☐ DPO

PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage
10475 | 05/20/25 | $ 31.40

Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee
05/17/25 | ☐ 12:00 PM ☐ 3:00 PM | $ | $

Time Accepted ☐ AM ☑ PM | Return Receipt Fee | Live Animal Transportation Fee
12:39 | $ | $

Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees
$ | $ | $ 31.40

Weight ☐ Flat Rate | Acceptance Employee Initials
lbs. ozs. |

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) Time ☐ AM ☐ PM | Employee Signature

Delivery Attempt (MM/DD/YY) Time ☐ AM ☐ PM | Employee Signature

**UNITED STATES POSTAL SERVICE**